1

**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)

2

P.O. Box 97066
Phoenix, Arizona 85060

3

Telephone: (480) 382-5176
Facsimile: (480) 304-3805

4

Email: cliffordbendau@bendaulaw.com
          chris@bendaulaw.com

5

*Attorneys for Plaintiff*

6

7

UNITED STATES DISTRICT COURT

8

DISTRICT OF ARIZONA

9

**Adriana De Flores**,

10

                    Plaintiff,

No.

11

vs.

**VERIFIED COMPLAINT**

12

13

**Staffing Resource, LLC**, an Arizona
limited liability company; **SWVP La
Paloma, LLC**, a Delaware limited

14

liability company; **Brenda Terry and
John Doe Terry**, a married couple,

15

16

                    Defendants.

17

18

       Plaintiff, Adriana De Flores ("Plaintiff" or "Adriana De Flores"), sues the

19

Defendants, Staffing Resources, LLC; SWVP La Paloma, LLC; and Brenda Terry and

20

John Doe Terry ("Defendants"), and alleges as follows:

21

22

                            **PRELIMINARY STATEMENT**

23

       1.      This is an action for unpaid minimum wages, liquidated damages,

24

attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29

25

U.S.C. § 201, et seq.; unpaid minimum wage under the Arizona Minimum Wage Act

26

27

("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8; and

-1-

unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article 7.

2.      The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  See 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.  See 29 U.S.C § 207.

3.      The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4.      The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and

Defendants regularly conduct business in and have engaged in the wrongful conduct

alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**<u>PARTIES</u>**

7.      At all times material to the matters alleged in this Complaint, Plaintiff was

an individual residing in Pima County, Arizona, and is a former employee of Defendants.

8.      At all material times, Defendant Staffing Resources, LLC was a limited

liability company duly licensed to transact business in the State of Arizona.  At all

material times, Defendant Staffing Resources, LLC does business, has offices, and/or

maintains agents for the transaction of its customary business in Pima County, Arizona.

9.      At all relevant times, Defendant Staffing Resources, LLC owned and

operated as "Staffing Resources," a temporary employment agency located in Pima

County, Arizona.

10.     Under the FLSA, Defendant Staffing Resources, LLC is an employer.  The

FLSA defines "employer" as any person who acts directly or indirectly in the interest of

an employer in relation to an employee.  At all relevant times, Defendant Staffing

Resources, LLC had the authority to hire and fire employees, supervised and controlled

work schedules or the conditions of employment, determined the rate and method of

payment, and maintained employment records in connection with Plaintiff's employment

with Defendants.  As a person who acted in the interest of Defendants in relation to the

company's employees, Defendant Staffing Resources, LLC is subject to liability under

the FLSA.

11.     At all material times, Defendant SWVP La Paloma, LLC was a limited liability company duly licensed to transact business in the State of Arizona.  At all material times, Defendant SWVP La Paloma, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Pima County, Arizona.

12.     At all relevant times, Defendant SWVP La Paloma, LLC owned and operated as "The Westin La Paloma Resort & Spa," a hotel and resort located in Pima County, Arizona.

13.     Under the FLSA, Defendant SWVP La Paloma, LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant SWVP La Paloma, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to the company's employees, Defendant SWVP La Paloma, LLC is subject to liability under the FLSA.

14.     Defendants Brenda Terry and John Doe Terry, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Brenda Terry and John Doe Terry are owners of Defendant Staffing Resources, LLC and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

15.     Under the FLSA, Defendants Brenda Terry and John Doe Terry are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Brenda Terry and John Doe Terry had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendants in relation to the company's employees, Defendants Brenda Terry and John Doe Terry are subject to individual liability under the FLSA.

16.     At all material times, Defendants Staffing Resources, LLC; SWVP La Paloma, LLC; and Brenda Terry and John Doe Terry are Plaintiffs' "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

17.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs' work and wages at all relevant times.

18.     At all material times, Defendants have operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose; namely, the operation of the housekeeping department of "The Westin La Paloma Resort & Spa."

19.     At all material times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiffs; and (2) Defendants were under common

control.  In any event, at all relevant times, all Defendants were joint employers under the FLSA.

20.     Defendants are engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of the aforementioned company.

21.     Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

22.     Alternatively, and in addition to being employers in their own right, Defendants Staffing Resources, LLC; SWVP La Paloma, LLC; and Brenda Terry and John Doe Terry comprise a "vertical joint employment" relationship under the FLSA.

23.     Vertical joint employment exists when "a company has contracted for workers who are directly employed by an intermediary company." *Litzendorf v. Property Maintenance Solutions, LLC*, 2017 WL 5900830, at *4 fn. 2 (D. Ariz. November 30, 2017).

24.     Specifically, Defendant SWVP La Paloma, LLC hired and contracted for Plaintiff to work for them through Defendants Staffing Resources, LLC and Brenda Terry and John Doe Terry.

25.     Defendant SWVP La Paloma, LLC assign housekeeping work it needs done to Defendants Staffing Resources, LLC and Brenda Terry and John Doe Terry.

26.     Defendants Staffing Resources, LLC and Brenda Terry and John Doe Terry, along with other housekeeping staff, including Plaintiff, perform the painting work provided by Defendant SWVP La Paloma, LLC.

27.     All work performed by Defendants Staffing Resources, LLC and Brenda Terry and John Doe Terry and Plaintiff were assigned by Defendant SWVP La Paloma, LLC.

28.     Defendant SWVP La Paloma, LLC controlled the work being performed by Plaintiff by assigning such work to Defendants Staffing Resources, LLC and Brenda Terry and John Doe Terry for housekeeping staff, such as Plaintiff, to perform.

29.     Work assigned by Defendant SWVP La Paloma, LLC to Defendants Staffing Resources, LLC and Brenda Terry and John Doe Terry passed to Plaintiff without material change.

30.     Plaintiff was hired by Defendants to perform work as housekeeping staff, work that was integral to Defendants' business.

31.     The work performed by Plaintiff was manual labor work and did not require a special skill or initiative, judgment, or foresight.

32.     Plaintiff used materials and equipment provided by Defendants and did not invest in her own equipment, materials, or the employment of helpers.

33.     Plaintiff did not have the opportunity for profit or loss based on her managerial skill.  Rather, Plaintiff was compensated on an hourly rate by Defendants for work she was assigned by them.

34.     Plaintiff was hired by Defendants as a permanent employee, working full time for approximately one month before Defendants terminated Plaintiff's employment.

35.     Defendant SWVP La Paloma, LLC compensated Plaintiff by paying Defendants Staffing Resources, LLC and Brenda Terry and John Doe Terry, who would then compensate the other workers, including Plaintiff.

36.     Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

37.     Defendants, and each of them, are sued in both their individual and corporate capacities.

38.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

39.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

40.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

41.     At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

42.     The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

43.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

44.     At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

45.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

46.     Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

47.     At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

48.     At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

49.     Plaintiff, in her work for Defendant, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

50.     Defendants own and/or operate as SWVP La Paloma, LLC, an enterprise located in Pima County, Arizona.

51.     Plaintiff was hired by Defendants in approximately March 2022.

52.     At all relevant times, Plaintiff worked for Defendants for approximately between two and three weeks until approximately April 4, 2022.

53.     At all relevant times, in her work for Defendants, Plaintiff worked as a housekeeper.

54.     Defendants, in their sole discretion, agreed to pay Plaintiff an hourly rate of $15.

55.     Plaintiff, in her work for Defendants, was generally scheduled to, and did, work approximately 40 hours per week.

56.     At all relevant times, all Defendants controlled Plaintiff's schedules.

57.     Upon information and belief, Plaintiff worked approximately 84.5 hours during the time she worked for Defendants.

58.     Defendants refused to compensate Plaintiff any wages whatsoever for the any of the time she worked for Defendants.

59.     As a result of not having paid any wage whatsoever to Plaintiff during her employment with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

60.     As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for the hours she worked for Defendants, Defendants violated 29 U.S.C. § 206(a).

61.     As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for the hours she worked for Defendants, Defendants violated the AMWA, A.R.S. § 23-363.

62.     As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for the hours she worked for Defendants, Defendants violated the AWA, A.R.S., § 23-351.

63.     Plaintiff was a non-exempt employee.

64.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

65.     Plaintiff is a covered employee within the meaning of the FLSA.

66.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

67.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

68.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

69.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

70.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for her unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of her unpaid wages, plus interest thereon, and her costs incurred under A.R.S. § 23-355.

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY MINIMUM WAGE**

71.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

72.     As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for the hours she worked for Defendants, Defendant failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

73.     Defendant's practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

74.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Adriana De Flores, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

B.     For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.     For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.     Such other relief as this Court shall deem just and proper.

## COUNT TWO: ARIZONA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

75.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

76.     As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for the hours she worked for Defendants, Defendants failed or refused to pay Plaintiff the Arizona minimum wage.

77.     Defendant's practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

78.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Adriana De Flores, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendants violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages;

B.     For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.     For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.     Such other relief as this Court shall deem just and proper.

**COUNT THREE: ARIZONA WAGE ACT**
**FAILURE TO PAY WAGES DUE AND OWING**

79.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

80.    As a result of the allegations contained herein, Defendants did not compensate Plaintiff wages due and owing to her.

81.    Defendants engaged in such conduct in direct violation of A.R.S. § 23-350.

82.    As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the entire time she was employed by Defendants.

83.    Plaintiff is therefore entitled to compensation for her unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of her unpaid wages, plus interest thereon, and her costs incurred.

**WHEREFORE**, Plaintiff, Adriana De Flores, requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendants violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

-14-

B.     For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C.     For the Court to award prejudgment and post-judgment interest on any damages awarded;

D.     For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E.     Such other relief as this Court deems just and proper.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 24th day of May, 2022.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, Jr.*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*

## VERIFICATION

1
2      Plaintiff, Adriana De Flores, declares under penalty of perjury that she has read
3  the foregoing Verified Complaint and is familiar with the contents thereof.  The matters
4  asserted therein are true and based on her personal knowledge, except as to those matters
5  stated upon information and believe, and, as to those matters, he believes them to be true.
6
7
8                                    Adriana
                                     Adriana De Flores
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**Signature:**

Adriana (May 24, 2022 17:00 PDT)

**Email:** adrianacarolinadflores@gmail.com